IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,841-01






EX PARTE CHRISTOPHER D'WAYNE WILEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A60730-R IN THE 128TH DISTRICT COURT


FROM ORANGE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated assault and sentenced to thirty years' imprisonment. The Ninth Court of Appeals
affirmed his conviction. Wiley v. State, No. 09-07-00436-CR (Tex. App.-Beaumont, January
14, 2009). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance
because he failed to properly investigate and present evidence of Applicant's psychiatric
disorders. He also alleges that counsel failed to hire a psychological expert who could testify
as to Applicant's state of mind at the time of the offense.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall obtain a response from Applicant's trial
counsel regarding Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel knew of Applicant's history
of mental illness and if so, the extent of counsel's investigation into that history. The trial
court shall make findings as to the allegation that counsel failed to hire a psychological
expert witness who could testify as to Applicant's sanity at the time of the offense. The trial
court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: May 26, 2010

Do not publish